**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| OWEN GERARDO REYES-BENITES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03532-MBB |
| | ) | |
| JASON JOHNSON[1], et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Owen Gerardo Reyes-Benites petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 9). He asks the Court to order the Government to immediately release him or provide a bond hearing. (***Id.*** at p. 19). Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA") or his right to due process, the petition is DENIED.

**Background**

Petitioner, a citizen of Honduras, entered the United States at an unknown time. (**Doc. 1**, p. 1). In August 2026, he was allegedly arrested during a traffic stop. (***Id.***). He was allegedly transferred to Department of Homeland Security ("DHS") custody. (***Id.***). DHS initiated removal proceedings. (***Id.***); (**Doc. 1-2**). He is detained without bond under 8 U.S.C. § 1225(b)(2)(A) pending removal proceedings. (**Doc. 1-2**, p. 4); (**Doc. 5**, p. 1). On August 26, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that his detention without bond violates the INA and the Fifth Amendment. (***Id.*** at pp. 17-18).

[1]Substituted under Federal Rule of Civil Procedure 25(d).

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate the INA or his right to due process.

### I. Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).

Petitioner acknowledges that Eighth Circuit precedent undermines his statutory argument. (**Doc. 1**, p. 12). But he "preserves" that argument and claims that his mandatory detention under Section 1225(b)(2)(A) is unlawful. (***Id.***). That Section says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . .

. are distinct concepts in immigration law: Establishing one does not necessarily establish the other." ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," he is also "seeking admission." ***Avila***, 170 F.4th at 1134.

Petitioner, citizen of Honduras, does not allege that he was admitted to the United States. His conditional parole did not bestow admission. *See* ***Sanchez***, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). He acknowledges ongoing removal proceedings. He is present in the United States without having "made lawful entry into the country." *See* ***Avila***, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that he is "clearly and beyond a doubt entitled to be admitted." **8 U.S.C. § 1225(b)(2)(A)**. He is properly detained under Section 1225(b)(2)(A).

## II. Petitioner's detention does not violate due process because the legislative scheme permits it.

Petitioner urges the Court to evaluate his due process claim under the *Mathews* framework, which employs a multi-factor "reasonableness" test to determine what process is due. *See* ***Mathews v. Eldridge***, 424 U.S. 319 (1976). But the Court does not apply the *Mathews* balancing test when considering mandatory detention of removable aliens. *See* ***Baynee v. Garland***, 115 F.4th 928, 933 (8th Cir. 2024) (noting that the Supreme Court has "already done whatever balancing is necessary"). Petitioner cites district court cases relying on *Mathews* to resolve immigration detention matters like his. But "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." ***Camreta v. Greene***, 563 U.S. 692, 709 n.7 (2011).

Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee***, 115 F.4th at 932. *See also* ***Department of***

***Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See* ***Demore***, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings. ***Id.*** at 527-29 (explaining that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Baynee***, 115 F.4th at 933, *quoting* ***Demore***, 538 U.S. at 527.

Petitioner argues that his detention without bond violates his right to due process. But the Government may detain Petitioner under Section 1225(b)(2)(A) because he is an "applicant for admission," "seeking admission," who is not "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**; ***Avila***, 170 F.4th at 1133-34. Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings. **8 U.S.C. § 1225(b)(2)(A)**. Petitioner concedes that his removal proceedings are pending. Because Section 1225(b)(2)(A) requires detention of removable aliens pending deportation proceedings, due process requires no more. *See* ***Baynee***, 115 F.4th at 932.

**Conclusion**

Petitioner's detention without bond does not violate the INA or his right to due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2026